UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODRIGO FEYER FELIX,

Petitioner,

v.

TODD BLANCHE, et al,

Respondents.

No. 1:26-cv-06479-DAD-CKD

ORDER

(Doc. Nos. 1, 2, 3, 4, 10)

On August 14, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed an application to proceed *in forma pauperis* (Doc. No. 2), a motion to appoint counsel (Doc. No. 3), and a motion for temporary restraining order (Doc. No. 4). In his verified petition, petitioner states the following.

Petitioner entered the United States with a visa. (Doc. No. 1 at 6.) Petitioner is married to a United States Citizen and has filed a Form I-130 application to adjust status. (*Id.*) On January 4, 2026, petitioner was arrested by state authorities after a car accident which resulted in petitioner being criminally charged, however, the criminal case was resolved without entry of a judgment of conviction. (*Id.* at 5.) While the criminal case was still pending, petitioner was transferred to immigration custody on March 10, 2026. (*Id.*)

/////

On August 17, 2026, this court set a briefing schedule as to petitioner's motions and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On August 19, 2026, respondents filed a combined motion to dismiss the petition and opposition to the temporary restraining order. (Doc. No. 10.) Respondents do not state any objection to the court ruling on the merits of the *habeas* petition (*id.*), and the court will do so. Respondents argue that the petition should be dismissed because petitioner has not exhausted his administrative remedies and because petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 2–5.) Respondents provide the court unauthenticated documents showing that petitioner was issued a Notice to Appear for Removal Proceedings on March 9, 2026 and March 25, 2026, in which it is alleged that petitioner entered the United States on November 1, 2022, as a nonimmigrant student, that his status was terminated on February 6, 2024, and that petitioner remained in the United States without authorization. (*Id.* at 8, 13.) Petitioner received a custody re-determination hearing before an immigration judge on July 31, 2026, and was denied bond because he was found to be a danger and a flight risk. (*Id.* at 22.) Petitioner reserved appeal and any such appeal to the Board of Immigration Appeals is due to be filed by August 31, 2026. (*Id.* at 23.)

The court incorporates its reasoning in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026) and finds that respondents' failure to detain petitioner in compliance with the procedures required by § 1226(a) provides grounds warranting his immediate release. In addition, the court also incorporates its reasoning in *Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-02301-DAD-CSK, 2026 WL 1552359 (E.D. Cal. June 2, 2026) where the court

/////

determined that the due process violation caused by petitioner's detention for months without a bond hearing cannot be remedied by a post-deprivation bond hearing.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Rodrigo Feyer Felix, A-File No. 221-497-538, from respondents' custody;
   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting habeas relief;
4. Respondents' motion to dismiss (Doc. No. 10) is DENIED;
5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE